Case 2:16-cr-00139 Document 56 Filed in TXSD on 03/14/17 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. 2:16-139 |
| | § | |
| ADANERI GARZA, | § | |
|     Defendant/Movant. | § | |

## **ORDER**

Adaneri Garza filed a late notice of appeal through counsel, after sentencing. D.E. 51. Garza's judgment of conviction (D.E. 48) was docketed on October 6, 2016. Garza's notice of appeal was due within 14 days, or on or before October 20, 2016. Fed. R. App. P. 4(b)(1). Her notice of appeal was filed on October 28, 2016. A motion for extension of the time to file a notice of appeal is permitted if the requested extension is supported by good cause or excusable neglect and is filed within thirty days of the due date. Fed. R. App. P. 4(b)(1)(A), (b)(4).

The Court requested information from counsel regarding the reason for the delay. Counsel filed an affidavit in which he explained that Garza first contacted him to request he file a notice of appeal on October 28, 2016, which he did the same day. D.E. 55.

The Supreme Court has interpreted excusable neglect to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388 (1993)

(construing Bankruptcy Rule 9000(b)(1)); *see also United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (*Clark I*) (applying Pioneer to Rule 4(b)).

The factors to be considered in determining excusable neglect are "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial procedures, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith."  *Id*.

Apparently during the twenty-two days after sentencing, Garza decided she wanted to appeal, and communicated her desire to counsel eight days after the deadline. There is no prejudice to the government from the delay in this case. Although the notice of appeal was late, it was filed well within the period for which an extension of time is available based upon excusable neglect or good cause. There is no evidence of bad faith.

The Court finds excusable neglect has been shown. The Court GRANTS (D.E. 51) Garza's construed motion for extension of time.

ORDERED this 13th day of March, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

2